The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Holmes and the briefs and arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence or to amend the prior Opinion and Award. The Full Commission therefore affirms the Opinion and Award of the Deputy Commissioner with modifications.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers Compensation Act.
2. An employment relationship existed between plaintiff-employee and defendant-employer.
3. Reliance National Insurance is the carrier on the risk and Alexsis (now RSKCo.) is the servicing agent.
4. Plaintiffs average weekly wage was $799.00 and the compensation rate is $478.00.
5. The defendants are entitled to a credit for long term disability payments.
6. The parties stipulated to a set of medical records consisting of 199 pages.
 * * * * * * * * * * *
Based upon all of the competent evidence of record and the reasonable inferences arising therefrom, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. Prior to filing the present workers compensation action, plaintiff sustained a compensable injury by accident on June 16, 1992, when she was working as a flight attendant on an aircraft which was the subject of a bomb threat. Plaintiffs resulting disability for a psychological disorder was accepted via Form 21 Agreement which was approved by the Industrial Commission on October 1, 1992. This claim was assigned I.C. File Number 253880.
2. Pursuant to a Form 28B and plaintiffs testimony at the hearing before the Deputy Commissioner, plaintiffs last compensation check in I.C. File Number 253880 was forwarded to her on August 19, 1992. The Form 28B was completed on September 30, 1992 and signed by the plaintiff on October 4, 1992.
3. On July 26, 1995, the plaintiff filed a new Form 18 giving rise to the present workers compensation action. Plaintiff alleges that she became disabled by Post-Traumatic Stress Disorder in June, 1995. In her Form 18 she also referenced June 16, 1992 as the date of injury and referred to I.C. File Number 253880.
4. Plaintiff had been employed as a flight attendant since 1987. Her job duties as a flight attendant consisted of seeing to the safety and comfort of passengers and cooperating with the other members of the flight crew.
5. As documented by I.C. File Number 253880, on June 16, 1992 plaintiff was the lead flight attendant on a flight from Reno, Nevada to Charlotte, North Carolina with a stop in San Francisco, California. After leaving San Francisco, the pilot of the aircraft was advised that a bomb threat had been issued for all planes flying out of San Francisco with a Charlotte destination. Upon notice of the bomb threat, the pilot returned to San Francisco for an emergency evacuation.
6. After the bomb scare, plaintiff suffered emotional problems and was advised to seek treatment from Dr. Stephen Bondy, a psychologist with the Employee Assistance Program. Plaintiff saw Dr. Bondy on three occasions. She did not seek medical treatment from any other medical provider after the bomb threat and returned to work as a flight attendant on a full time basis in July of 1992.
7. Toward the end of 1994 and into 1995, plaintiff developed fears associated with her work as a flight attendant. She testified to several other events that resulted in her alleged disability and diagnosis of PTSD delayed onset in 1995. Specifically, she testified that on one occasion pilots of an aircraft taped maps over windows of the cockpit, that she was requested to retrieve a tray from the cockpit of an aircraft that was below 10,000 feet, that from 1993 to 1995 captains employed by US Airways frequently overrode mechanical problems and flew airplanes with mechanical problems against the advice of mechanics and that she flew over an airplane crash site in Charlotte, North Carolina and had learned of an airplane crash in Pittsburgh.
8. On June 18, 1995, plaintiff was assigned to work a flight on a Fokker-28 aircraft. The plaintiff informed defendant-employer that she would not work this flight because she felt she was unable to fly on this aircraft since it had only one exit and she could not sit close to it. Plaintiff did not return to work for defendant-employer after June 18, 1995.
9. Plaintiff began to treat with Dr. Stein with Kaiser Permanente. At that time, plaintiff described fears of F-28 aircraft and various fears associated with flying. Dr. Stein diagnosed the plaintiff with Post Traumatic Stress Disorder delayed onset.
10. On October 1, 1995, at the request of Dr. Murphy Thomas, the clinical and consulting psychologist for defendant-employers Long Term Disability Board, plaintiff was seen by Dr. Faye Sultan for an Independent Medical Evaluation. Dr. Sultan is a clinical psychologist. While Dr. Sultan concurred with Dr. Steins diagnosis of PTSD delayed onset, she was of the opinion that nothing had a greater impact on the plaintiff than the initial bomb threat of 1992. Dr. Sultan also stated that none of the alleged events could have by themselves produced the kind of trauma that the plaintiff experienced in 1995. While the alleged events that occurred after 1992 contributed to the plaintiffs condition, Dr. Sultan was unable to state to what degree these events contributed to the plaintiffs increased symptomatology. It was her opinion that the plaintiffs trauma in 1995 was a reemergence of her original 1992 trauma. Dr. Sultan also was unable to give an opinion as to whether flight attendants are at a greater risk of developing PTSD.
11. Plaintiff began treating with Dr. Sally Duffy with Charlotte Psychiatric Associates on December 20, 1995. Dr. Duffy diagnosed the plaintiff with PTSD and opined that the genesis of this condition was the June, 1992 bomb scare. Dr. Duffy opined that without the initial 1992 event, she would not have been able to diagnose the plaintiff with PTSD. She also testified that flight attendants were not at an increased risk of developing psychological disorders as opposed to the general public.
12. Dr. Mark Worthen, an expert in the fields of clinical and forensic psychology, was asked by defendant-employer to perform an evaluation of plaintiff in connection with her application for long term disability benefits. Dr. Worthen opined that the plaintiff did not exhibit symptoms of PTSD in 1992. He diagnosed the plaintiff with major depressive disorder, recurrent, severe; PTSD delayed onset, chronic and obsessive-compulsive disorder. He stated that her obsessive compulsive disorder did not manifest itself until 1995.
13. Plaintiff began treatment with Dr. Boyer, a psychiatrist with Charlotte Psychiatric Associates in February of 1996. Dr. Boyer was only requested to monitor the plaintiffs medication. She was not concerned with the causative history of what may have led to the diagnosis of PTSD. Therefore, Dr. Boyer deferred to Dr. Duffys opinion regarding the cause of the plaintiffs symptoms and condition.
14. Plaintiffs Form 18 was filed three years and nine months after she received the Form 28B in I.C. File Number 253880.
15. Nothing had a greater impact on the plaintiffs condition than the initial bomb threat in 1992. Plaintiffs condition is related to and a result of her original injury in 1992.
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff has failed to show by the greater weight of the evidence that she has experienced a new injury by accident or has contracted a compensable occupational disease. N.C. Gen. Stat.97-2(6); and 97-53(13).
2. Plaintiffs current psychological problems are directly related to plaintiffs admittedly compensable injury by accident of 1992. Plaintiff did not file a claim for change of condition within two years of the date of her last payment of compensation pursuant to the Form 21 agreement in I.C. File Number 253880, and therefore is not entitled to further compensation for a change in her condition. N.C. Gen. Stat. 97-47.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Under the law, plaintiffs claim must be and is HEREBY DENIED.
2. Each side shall pay its own costs.
This 4th day of May 2000.
 S/ _____________________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
S/ ____________________ BERNADINE S. BALLANCE COMMISSIONER
Note: Chairman Bunn was on the original panel in this case but has since retired.